In the matter of the application of the NEWARK SAVINGS INSTITUTION, for direction in the management of its trusts.

A statute authorized savings banks to invest in, *inter alia*, bonds of cities, towns, counties or villages in this state, and any interest-bearing obligations (except improvement certificates) of the place where the bank is situated, and first mortgages on land in this state. On application for directions as to investments of new deposits in a savings bank under the superintendence of this court.—*Held*,

(1) That the statute does not justify such investments in the bonds of *any* municipality of this state; discretion and prudence must be used in selecting such bonds, because they are not always good security.

(2) That, in investing in mortgages, in addition to the requirements of the statute, viz., that such mortgages must be first liens on real estate worth, if improved and productive, at least double the amount loaned, and if not improved and productive, seventy per cent. more, and are, also, to be reported upon and certified by a committee of the managers—there must be a certificate of the counsel of the bank that the title is good and the mortgage legally valid, and, also, a certificate in writing, by a master designated by this court, approving the security as a proper and unexceptionable investment of trust money.

THE CHANCELLOR.

Application is made by the managers of the Newark Savings Institution, which is now a ward of this court, for a modification of the orders directing the mode of investing their new deposits.

The act of 1878, entitled "An act for the better security of depositors in savings banks" (*P. L. 1878 p. 393*), was passed at the same session of the legislature as the act giving to this court guardianship over such institutions. It authorizes savings banks to invest on the following securities: United States government bonds, state bonds, bonds of cities, towns, counties or villages in this state, bonds of the cities of New York, Brooklyn or Philadelphia, any interest-bearing obligations (except improvement certificates) of the city, town or borough where the bank is situated, first mortgages of real estate in this state worth at least double the amount loaned, and, lastly, on real estate necessary for the convenient transaction of the business of the bank, and such as it may acquire for its debts.

In the management of the trust moneys, no risk of the principal which can be guarded against by the utmost carefulness, will be justified. In such trusts as this, the policy of the court has been to convert the assets applicable to the old deposits into cash, with the greatest practicable rapidity, without undue sacrifice, and distribute them to the depositors; and as to new deposits, to require that they be securely invested. The payment of interest on them is an entirely subordinate consideration to the safety of the funds. Some of the securities heretofore designated as the only allowable investments for new deposits, are to be obtained only with great difficulty, and others are to be had only at a considerable premium. There is no reason for refusing to apply to the new deposits the rule which, in this court, governs the investment of trust funds in general, except that, considering the peculiar nature of the trust— the liability to a call for speedy conversion—somewhat greater restriction in the choice of securities is prudent.

The rule referred to admits of investment on first mortgage of real estate. The matter might be left where the legislature has placed it, and the regulation which it has established as to investments might be adopted, especially in view of the consideration that depositors are at liberty,

if dissatisfied with the regulations, to withdraw their deposits; but I am not willing to adopt that course. Some of the investments designated in the law are not such as should be allowed. Municipal bonds, for example, are not always good security.

That there is a necessity for a relaxation of the existing rule, is apparent in the case of the petitioner. It has now of deposits on new account, $2,557,000, a considerable amount of which is now awaiting investment, owing to the difficulty of obtaining desirable securities under the existing regulation. Investment on mortgage to the amount of fifty per cent. of the new deposits (the limit fixed by the act of the legislature is seventy per cent.) will be authorized, but in addition to the requisitions and limitations of the act (all of which must be observed), which provide that the mortgages must be first mortgages on real estate in this state, worth, if improved and productive, at least double the amount loaned, and if unproductive and unimproved, seventy per cent. more than the sum lent, and are to be reported upon and certified to by a committee of the managers, there must, on each investment, be a certificate of the counsel of the institution that the title is good and the mortgage legally valid, and there must, also, be a certificate in writing, by a master of this court, to be designated by me, approving the security as a proper and unexceptionable investment for trust funds under the charge of the court of chancery.

In other respects the existing regulations will stand. So that, of the new deposits, investments may be made on bond and mortgage to an amount not to exceed fifty per cent., and the rest must be invested in bonds of the United States, or of this state, or of the city of Newark.